## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————————

TRUSTEES OF THE MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, MASSACHUSETTS
LABORERS' PENSION FUND, MASSACHUSETTS
LABORERS' ANNUITY FUND, NEW ENGLAND
LABORERS' TRAINING TRUST FUND and
MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,    C.A. No.
                      Plaintiffs,

                vs.

LANDMARK UTILITIES & CONCRETE CORPORATION,
                    Defendant,

                and

TOCCI BUILDING CORPORATION,
                    Reach-and-Apply Defendant.

—————————————————————————

## VERIFIED COMPLAINT

## NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C.

§185, by employee benefit plans to enforce the obligations to make contributions and pay

interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f)

of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  This Fund is a defined contribution fund.  The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is governed

by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Landmark Utilities & Concrete Corporation ("Landmark") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9.      Defendant Landmark is a Massachusetts corporation with a principal place of business at 30 Phillips Street, Swampscott, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10.      Reach-and-Apply Defendant Tocci Building Corporation ("Tocci") is a Massachusetts corporation with a principal place of business 660 Main Street, Woburn, Massachusetts.  On information and belief Tocci owes money to Landmark.

## GENERAL ALLEGATIONS OF FACT

11.      On or about June 14, 2017, Landmark signed a Short Form Agreement to pay amounts to the Plaintiff Funds at rates set forth therein for pension, health, annuity and other benefits for each hour worked by its employees on a project at Coppersmith Village, East Boston, Massachusetts ("the Project"), and to submit such payments and report forms on a monthly basis to the Fund office on the first of each month following the month in which such work was performed.  A true and accurate copy of the Short Form Agreement ("Agreement") is attached hereto as Exhibit A.

12.     The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds together with the dues owed to the Union.

13.     On or about May 23, 2018, a Fund office auditor audited Landmark's books and records for the period August 2017 through April 2018 and determined that Landmark owes the Funds $21,918.68 in contributions for work performed by its laborer employees during the audited period.  In addition, the auditor reviewed pay stubs submitted by Landmark's sole laborer employee for the period May 1 through May 24, 2018 and determined that Landmark owes an additional $5,172.00 in contributions for that period, bringing the total owed through May 24, 2018 to $27,090.68.  These contributions remain due and owing.

## COUNT I - VIOLATION OF ERISA -<br>DELINQUENT CONTRIBUTIONS

14.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 13 above.

15.     The failure of Landmark to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

16.     Absent an order from this Court, Landmark will continue to refuse to pay the monies it owes to the Funds, as a result of which the Funds and their participants will be irreparably damaged.

17.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS AND DUES

18.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19.     The Short Form Agreement is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

20.     The failure of Landmark to pay the $27,090.68 in contributions and dues it owes for August 2017 through May 24, 2018 violates the terms of the Agreement.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.     Order the attachment of the machinery, inventory, bank accounts and accounts receivable of Landmark;

b.     Enter a preliminary and permanent injunction enjoining Landmark from refusing or failing to pay contributions and submit remittance reports due to the Funds;

c.     Enter a preliminary and permanent injunction enjoining Reach-and-Apply Defendant Tocci from paying any money it owes to Defendant Landmark pending further order of this Court;

d.     Enter judgment in favor of the Funds on Count I in the amount of all contributions owed for August 2017 through May 24, 2018, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

e.     Enter judgment in favor of the Funds on Count II in the amount of $27,090.68, representing the contributions and dues that Landmark owes for the period August 2017 through

May 24, 2018, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

     f.     Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

TRUSTEES OF THE MASSACHUSETTS
LABORERS' HEALTH AND WELFARE
FUND, et al.,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Sasha N. Gillin, Esquire
BBO #690769
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA  02111
(617) 742-0208, Ext. 232
asills@segalroitman.com

Dated: May  31  , 2018

## VERIFICATION

     I, Louis A. Mandarini, III verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

     SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29 DAY OF MAY, 2018.

Louis C. Mandarini III
_____
Louis A. Mandarini, III

ARS/ars&ts
6306 18-154/complt.doc

6